PER CURIAM.
We reverse and remand for a new trial because of the trial court’s error in preventing a witness from testifying in the appellant’s defense.
In United States v. Johnson, 488 F.2d 1206 (1st Cir.1973), the First Circuit explained when a trial court should exclude the testimony of a defense witness because he or she intends to invoke the fifth amendment. The court stated:
If it appears that a witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand. Neither side has the right to benefit from any inferences the jury may draw simply from the witness’ assertion of the privilege either alone or in conjunction with questions that have been put to him. Obviously, before excluding a witness, the court must first establish reliably that the witness will claim the privilege and the extent and validity of the claim. Here the court wisely held a voir dire at which Johnson’s counsel was invited to question the proposed witness under oath and on the record. Only after Perry had testified that he would claim the privilege comprehensively did the court rule to exclude him. The court indicated that it would reconsider whenever counsel could show a reasonable likelihood that Perry would or must answer some or all questions.
Id. at 1211 (citations omitted) (emphasis added). See also United States v. Kaplan, 832 F.2d 676 (1st Cir.1987) (holding if the witness intends to claim the privilege as to essentially all questions, the court may, in its discretion, refuse to allow him to take the stand), cert. denied, 485 U.S. 907, 108 S.Ct. 1080, 99 L.Ed.2d 239 (1988); United States v. Deutsch, 987 F.2d 878 (2d Cir.1993) (holding the trial court has the discretion to prevent a party from calling a witness solely to have him or her invoke the fifth amendment).
In this case the appellant called a witness and made a proffer of the witness’ testimony. That testimony was relevant to appellant’s defense. At no time during the appellant’s proffer on direct examination did the witness invoke the privilege not to incriminate himself. Subsequently, on a proffer of the state’s cross-examination the witness did invoke the privilege when the state asked questions directly related to the witness’ involvement in the crime. However, these questions went beyond the matters covered in direct. Because the witness was obviously willing to answer numerous questions on direct without invoking the privilege, we believe the trial court erred in excluding his testimony.
The right to present evidence relevant to one’s defense is a fundamental and essential component of a person’s constitutional right to due process. Only in an extraordinary situation may that right be restricted. For example, a witness may be excluded if the only purpose of calling that witness is to have the witness invoke the privilege against self-incrimination. It is simply of no value to a jury to have a witness take the stand and invoke the privilege. Since no inferences can be drawn from a proper invocation of the privilege, such an appearance is of no help to the fact finder. In addition, the danger that a jury may make some improper inference from the refusal of the witness to testify and to invoke the privilege is very real. This danger clearly outweighs the nonexistent benefit of having the witness take the stand and then refuse to testify.
In this case, the state concedes that there was some substantial evidentiary benefit to be gained by the defense from the witness. That benefit was demonstrated during the proffer without the privilege being invoked. For that reason we believe it was an error for the trial court to exclude the witness.
We find no error in the trial court’s denial of the motions for directed verdict or its other evidentiary rulings challenged on appeal.
ANSTEAD, KLEIN, JJ., and MICKLE, STEPHAN P., Associate Judge, concur.